### WARREN BROS. CO. v. THOMPSON et al.

(District Court, S. D. California, S. D.    July 5, 1922.)

Patents ☞323—Decree based on finding of noninfringement should not adjudge validity of patent.

Where, in a suit for infringement of a patent, the court finds for defendant on the issue of infringement, it is preferable that the decree be based on that issue alone, and not especially adjudge the validity of the patent.

In Equity. Suit by the Warren Bros. Company against C. M. Thompson and others, partners as Thompson Bros., and others. On motion for modification of decree. Denied.

In this action, the court in due course filed a memorandum opinion announcing its conclusions respecting the issues tendered. The action was the ordinary one in equity for an injunction and for an accounting of profits, and an award of damages because of the asserted infringement of plaintiff's patent, No. 959,976, for an improvement in road making. The memorandum opinion contained, inter alia, the following:

"The patent sued upon, No. 959,976, in view of the prior art, and particularly in view of the prior art as exhibited by patent No. 727,505, granted May 5, 1903, is to be rather narrowly construed. In other words, within the limitations then existing, there was not much left for the patentee to patent. * * * The first claim of plaintiff's patent being for a process, in the light of the specifications and in the light of the claim itself, must be read as a claim for

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a pavement consisting of an upper layer laid upon a lower layer, without any intermediate compression of the lower layer. * * * This claim was not infringed by defendant's structure. * * * The second claim of the plaintiff's patent is for a product. * * * The second claim is not to be limited by the precise process specified in the patent. * * * I am persuaded, from a consideration of all of the facts involved, including an inspection of the pavement produced by the defendants, that the two courses of the pavement produced by them were and are not blended, within the meaning of that term as used in plaintiff's patent. In my judgment, therefore, there is no infringement of plaintiff's patent shown by the product of defendants. The specifications employed by the defendants do not infringe the first claim of the patent for the reasons heretofore suggested. * * *

"The usual decree of dismissal will be entered."

Paul S. Honberger, of Los Angeles, Cal., J. M. Head, of Boston, Mass., and O. L. Everts, of Fresno, Cal., for plaintiff.

Lyon & Lyon, special patent counsel, of Los Angeles, Cal., and Bertrand W. Gearhart, Dist. Atty., and Ray C. Wakefield, Deputy Dist. Atty., both of Fresno, Cal., for defendants.

BLEDSOE, District Judge (after stating the facts as above). Pursuant to the opinion of the court filed herein on the 29th day of May, and in accordance with the usual practice obtaining, a decree of dismissal, based upon noninfringement by defendants, was prepared by the clerk and submitted to the court for its signature, and, being filed, was duly entered. It is simple in form, and merely orders, adjudges, and decrees that the above-entitled cause "be and the same is dismissed, with costs in favor of defendant, taxed at $————." An informal motion has been made that this decree be vacated, and that a decree ordering, adjudging, and decreeing plaintiff's patent to be valid and not anticipated be entered as a part of the decree of dismissal.

Defendants, in their answer, among other defenses, asserted the invalidity of plaintiff's patent. Evidence relevant to that issue was introduced by both parties. If the court had been impressed with any want of validity on the part of plaintiff's patent, it would have so found and caused its decree to be entered accordingly. It was my judgment, however, that the presumption of validity inherently attaching to the patent was in no sense overcome. In the absence of an adverse finding, that presumption still continues, and plaintiff really needs no judgment or decree buttressing or adding to the presumed validity of the grant from the government. Assuming its validity, therefore, and giving to it, as such, the construction to which it was entitled, the court found and held that it had in no wise been infringed by defendants' process or product. This being the thing really decided by the court, this, therefore, was obviously the thing to be decreed by the court. In so doing, the court feels that it was acting in accordance with established procedure.

Certain precedents have been cited, where the validity of the patent in issue has been favorably passed upon and adjudged by the court, although judgment went for the defendant because of noninfringement. Judge Trippet, of this court, however, is of the belief that, under the circumstances here obtaining, the decree should be based upon noninfringement, and without especially decreeing the validity of the patent.

The reason for his conclusion is that otherwise possibly a strong plea for the issuance of an injunction in advance of trial, based upon a judicially decreed validity of the patent, might be made, and that it would be unwise to make that possible as the result of a case where the decree of the court, favorable to the patent, might go unchallenged through defendant's disinclination to appeal in a case, as to him, entirely moot in its nature. Along the same lines, Walker on Patents (5th Ed.) § 649, says:

"Where more than one of those defenses is strongly supported in the record, it is proper for the court to confine the decision to any one of them that is judicially found to be sound. Where the defense of noninfringement is thus found, it is proper and generally preferable to select that defense as the one upon which to base the decision for the defendant. The reason for this preference is the consideration that the question of the validity, of a patent ought not to be adjudicated in the affirmative, in a case where the defendant, by reason of noninfringement thereof, has no adequate motive to hunt up and lay before the court all the facts which relate to that question."

The propriety of the proposed decree being at best a doubtful matter, I am disposed to follow the suggestion of my colleague and the authority of the text-book referred to.

The motion therefore is denied.